# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Matter of the Estate of:<br><br>CECILIA BROST,<br><br>Deceased,<br><br>LAURA DOUGLAS, DAN DOUGLAS, CINDY DOUGLAS, DEBBIE DOUGLAS, SCOTTIE DOUGLAS, and KENNY DOUGLAS ("CHILDREN OF JAMES DOUGLAS"),<br><br>Appellants,<br><br>v.<br><br>JAMES BROST, MARIE OFNER, CATHERINE BIRES, PHILLIP BROST, JEAN DEPORTER, PAUL BROST, DAVID BROST, KRISTIN EATON, and PETER BROST ("SIBLINGS OF CECILIA BROST"),<br><br>Respondents. | No. 53701-0-II<br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — This appeal arises from a dispute over whether Cecilia Brost, the testatrix,

and whether she intended to leave her estate to the children of her husband, James Douglas,

referred to as the Douglas stepchildren, or to her siblings, referred to as the Brost siblings. The

Douglas stepchildren argue that the trial court erred by dismissing their TEDRA[1] petition

following opening statements of the scheduled trial. The trial court ruled that Cecilia's will

---

[1] Trust and Estate Dispute Resolution Act, ch. 11.96A RCW.

unambiguously disinherited the Douglas stepchildren, and therefore, extrinsic evidence was not necessary, and that Cecilia's estate should pass intestate to her siblings. The Douglas stepchildren ask that this matter be remanded for further proceedings.

We hold that we are unable to conduct meaningful appellate review on this record. We are unable to determine what procedure the trial court used at the hearing or what evidence and exhibits the court admitted and relied upon for its ruling and order of dismissal of the TEDRA petition. Based on these material defects in the proceedings, we are unable to conduct meaningful appellate review, and thus, we remand for further proceedings.

FACTS

James Douglas and Cecilia Brost[2] married on April 6, 1976. James had six children from a previous marriage, and Cecilia did not have any children. The couple never had any children together. Cecilia signed her will on March 25, 2015, when she was sick in the hospital. Cecilia's will contained the following relevant provisions:

Declaration

I am married to JAMES DOUGLAS. I have no children. My husband, JAMES DOUGLAS, has six (6) children through prior marriage, namely, Dan Douglas, Laurie Douglas, Cindy Douglas, Debbie Douglas, Scottie Douglas, and Kenny Douglas. I make no bequest, gift or devise to my stepchildren/children except as hereinafter stated, knowing that my husband will provide for them.

. . . .

Distribution of Estate

I give, devise and bequeath all of my property of every nature and wheresoever situated to my husband, JAMES DOUGLAS, making no provision in

---

[2] Individuals will be referred to by their first name to avoid confusion. No disrespect is intended.

such event for any child/stepchildren of mine now living or hereafter born to or adopted by me.

Clerk's Papers (CP) at 13-14. James signed his will on March 27, 2015, which will was identical to Cecilia's except for changing the relevant parts, i.e., his name, "children" rather than "stepchildren," and naming Cecilia as his wife. Both wills named James's granddaughter, Cherie Douglas, as the personal representative. James passed away on August 9, 2016, and Cecilia passed away on November 18, 2016. Cherie's declaration, subsequently filed with the trial court, stated that when Cecilia was in the hospital right before passing, Cecilia "told the priest that she wanted to make sure that the children would be taken care of." CP at 149.

Following Cecilia's death, Cherie, as the personal representative, initiated a probate action. The attorney who drafted Cecilia's will represented Cherie, and he informed her that the Brost siblings were the heirs to Cecilia's estate through intestacy. The Douglas stepchildren filed a TEDRA petition, claiming that Cecilia's intent was for her estate to pass to her stepchildren, not to her siblings. A new personal representative was appointed to avoid Cherie potentially litigating against her own mother, Laura Douglas.

On October 31, 2018, Laura, on behalf of the Douglas stepchildren, filed a motion for summary judgment, supported by Cecilia's will. The motion was supported by the following extrinsic evidence: James's will and Laura's declaration regarding Cecilia's intent. The Brost siblings also filed a motion for summary judgment, supported by Cecilia's will. The Brost siblings supported their motion by the following extrinsic evidence: James's will and Peter Brost's declaration regarding Cecilia's intent. Laura filed a reply with the additional extrinsic evidence of

Cherie's declaration regarding Cecilia's intent. No motions to strike or objections were made by either party regarding the extrinsic evidence.

At the summary judgment hearing, the trial court reasoned that the will could be read as ambiguous or contradictory to Cecilia's intent. It ruled that based on the extrinsic evidence, there were genuine issues of material fact that precluded summary judgment; therefore, it denied both summary judgment motions.

The Douglas stepchildren filed a motion prior to the trial to admit the declaration of the attorney who drafted Cecilia's will; neither party argued that extrinsic evidence would not be admissible or allowed. The parties also filed a list of 14 stipulated exhibits which included some of the evidence presented at the summary judgment motions.

The case was called for trial on June 5, 2019, with a different judge presiding, and counsel for the Brost siblings stated that there were no other pre-trial issues. The morning of trial, the court allowed the parties to present their opening statements. At one point, the Douglas stepchildren claimed that the opening statements were turning into argument. The trial court allowed the Brost siblings to orally move in limine for the Douglas stepchildren to clarify which portion of the will they were arguing was ambiguous. The Douglas stepchildren clarified which provision of the will they were claiming was ambiguous.

The trial court agreed with the Brost siblings that the will was unambiguous, and therefore, extrinsic evidence should not be admitted. In determining that the will was unambiguous, the trial court ruled that it was not bound by the prior judge's pre-trial ruling denying summary judgment based on that judge's determination that Cecilia's will was ambiguous. The trial court stated, "I have not heard anything that shows me that this is ambiguous in any way." Verbatim Report of

Proceedings (VRP) (June 5, 2019) at 23. In its ruling, the trial court did not indicate what evidence was admitted or what testimony by declarations it considered.

Based on this ruling, the Brost siblings moved to dismiss the Douglas stepchildrens' TEDRA petition. The trial court granted the motion to dismiss, finding that Cecilia's will was unambiguous, and "under the clear terms of this there is no contingent beneficiary and that the estate would pass through the laws of intestate succession." VRP (June 5, 2019) at 7.

Regarding the stipulated exhibit list, the Douglas stepchildrens' attorney and the trial court had the following colloquy:

> Attorney: . . . Having to do with evidence that were stipulated to admissibility, I mean, I never got the chance to offer them but they were filed and stipulated to.
>
> Court: Well, right. And the basis – what I take from that is the two have agreed that these would be the exhibits, but the motion [to dismiss] was made so we have to get over the threshold first, in order to get to those there has to be a finding that there is an ambiguity. So I would take this as sort of a contingent stipulation, you know, if we go ahead and we're doing those things, then yeah, those are the documents that I would have considered.

VRP (June 5, 2019) at 28. The trial court did not expressly state what stipulated exhibits, if any, it considered. And based on the court's ruling, the TEDRA petition was dismissed, leaving Cecilia's estate to pass through intestacy to her siblings.

The Douglas stepchildren appeal.

ANALYSIS

A will contest is a matter subject to TEDRA since it involves the determination of any question arising in the administration of an estate or trust. RCW 11.96A.030(2)(c). Interpretations of a will are subject to de novo review. *In re Estate of Collister*, 195 Wn. App. 371, 375, 382 P.3d 37 (2016). When any uncertainty arises as to a testatrix's true intention, extrinsic evidence should be admitted to explain the language in the will. *In re Estate of Bergau*, 103 Wn.2d 431, 436, 693 P.2d 703 (1985).

The trial court denied the summary judgment motions because it decided that the will was ambiguous. Another judge dismissed the case on the day of trial, but the dismissal contains procedural irregularities that prevent meaningful appellate review. We do not know if it was a miniature hearing. We do not know what evidence the trial court considered, including the evidence stipulated to by the parties. Neither party renewed their motion for summary judgment. Based on these procedural irregularities, we hold that on this record, we are unable to conduct meaningful appellate review, and thus, we remand for further proceedings.[3]

---

[3] Because the trial court did not follow proper procedure under the TEDRA statutes, we do not decide the issues on the merits, and we decline to award the Brost siblings attorney fees and costs.

No. 53701-0-II

CONCLUSION

In remanding for further proceedings, we are not ordering a new trial or a particular procedure, but we are ordering further proceedings to determine what evidence and testimony the trial court relied upon for its ruling so that we can properly review the matter.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.

7